IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GARON MCKENZIE MORGAN, #272213, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:23-cv-391-ECM [WO] |
| ANNETTE BAXTER-HOLLAND,[1] | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

*Pro se* Plaintiff Garon McKenzie Morgan ("Morgan"), an inmate in the custody of the Alabama Department of Corrections, brought this civil action alleging that the Defendant, Annette Baxter-Holland ("Defendant"), was deliberately indifferent to his mental health care needs while he was incarcerated at Easterling Correctional Facility. (Doc. 1). Morgan additionally brings claims of intentional infliction of emotional distress ("IIED") and discrimination. On July 31, 2026, the Magistrate Judge recommended that the Defendant's motion for summary judgment be granted as to Morgan's IIED and discrimination claims and denied as to Morgan's deliberate indifference claim. (Doc. 36). The Defendant timely filed objections to the Recommendation. (Doc. 37). After carefully reviewing the record in this case, the Magistrate Judge's Recommendation, and the

[1] Although the Defendant is named "Mrs. Holland" in the complaint, it appears undisputed that the Defendant's full name is Annette Baxter-Holland. The Clerk of the Court is DIRECTED to update the docket accordingly.

Defendant's objections, the Court concludes that the Defendant's objections are due to be overruled, and the Recommendation is due to be adopted.

## II. LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

## III. DISCUSSION

Before addressing the Defendant's objections, the Court summarizes the relevant procedural history of this case.

---

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

In his verified complaint,[3] Morgan claims that he went to the "crisis/suicide cell" at Easterling, and that although a doctor recommended that Morgan stay there, the Defendant kicked Morgan out of the suicide cell on August 2, 2022, even though he was still having suicidal thoughts. On July 25, 2023, the Defendant filed a Special Report, (doc. 12), and attached as an exhibit the Defendant's declaration and numerous mental health care records for Morgan, including various "progress notes" completed by the Defendant, (doc. 12-1). In her declaration, the Defendant stated that there are "no notations from August 2, 2022," and that "[a]t no time w[ere] Mr. Morgan's mental health care needs delayed or denied in August 2022." (Doc. 12-1 at 3, 7). The latest records in the exhibit are dated August 26, 2022. (*Id.* at 47–49). On February 29, 2024, Morgan responded to the Defendant's Special Report and also provided several exhibits, including his affidavit and certain of his mental health care records which were not provided with the Defendant's Special Report. (Docs. 25, 26). In his affidavit, Morgan states as follows: On or about August 25, 2022, he was experiencing "racing thoughts about committing suicide" and saw "Dr. Lee,"[4] who diagnosed Morgan with low mood and depression. (Doc. 26 at 1). "Dr. Lee" also told Morgan to stay in the crisis center. (*Id.*). On August 26, 2022, Morgan saw the Defendant. (*Id.*). When the Defendant saw Morgan, she was aware of "Dr. Lee's" diagnosis, and

---

[3] This Court must treat Morgan's verified complaint as testimony at summary judgment. *See Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019); *see also Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. Unit A. 1981) (explaining that a verified complaint is the equivalent of an affidavit for purposes of summary judgment).

[4] The Court discerns that Morgan may be referring to Danielle Lee, CRNP. (*See* doc. 32-1 at 44–47).

Morgan was profusely sweating. (*Id.*). Morgan pleaded with the Defendant that he still felt suicidal and that "Dr. Lee" had told him to stay in the crisis center; however, the Defendant ignored his pleas, and on August 28, 2022, she kicked him out of the crisis center and told him to do crossword puzzles. (*Id.*). Morgan attempted suicide on August 30, 2022. (*Id.*). According to the documents provided by Morgan, the Defendant saw Morgan on August 30, 2022, after the suicide attempt. (Doc. 25-7).

On October 27, 2025, the Defendant filed a motion for summary judgment, to which she attached her declaration and Morgan's mental health care records. (Doc. 32). According to these records, the following relevant events took place: On August 19, 2022, Morgan was placed on non-acute suicide watch ("NASW") and placed in a crisis cell after reporting suicidal ideations. (Doc. 32-1 at 15–16). Morgan remained on NASW from August 19, 2022, through August 25, 2022, and during that time, the Defendant and others assessed and monitored Morgan daily. (*Id.* at 19–41). On August 25, 2022, Morgan was seen by Danielle Lee, CRNP ("Lee"), whose treatment plan stated that Morgan would "continue current NASW per protocol" and that Morgan would be referred to supportive therapy. (*Id.* at 47). On August 26, 2022, the Defendant assessed Morgan and noted that his symptoms included depression and low mood. (*Id.* at 49).[5] Neither the Defendant's motion, nor her declaration, nor any of the attached exhibits references Morgan's suicide attempt.

[5] The Defendant's motion states (multiple times) that August 25 was the last day the Defendant personally interacted with Morgan, which is contradicted by the Defendant's own records. (Doc. 32 at 16, 41, 53, 56).

In his response to the Defendant's motion for summary judgment,[6] Morgan adopted his earlier response to the Defendant's Special Report. (Doc. 34).[7] As stated above, Morgan's earlier response included his testimony that he saw the Defendant on August 26, 2022, but that the Defendant did not want to treat him; Morgan pleaded with the Defendant to stay in the crisis center because he still felt suicidal and Lee told him to stay there; and on August 28, 2022, the Defendant nonetheless kicked Morgan out of the crisis center and told him to do crossword puzzles.[8] The Defendant did not file a reply to Morgan's response.

The Magistrate Judge concluded that, viewing the evidence and all reasonable inferences in Morgan's favor, a reasonable factfinder could conclude that the Defendant was deliberately indifferent to Morgan's serious mental health needs. (Doc. 36 at 6–8). In her objections, the Defendant relies on arguments and multiple pieces of evidence that were never presented to the Magistrate Judge. For example, the Defendant argues and introduces

---

[6] The Magistrate Judge ordered Morgan to respond to the motion for summary judgment no later than December 8, 2025, (doc. 33). Morgan's response is dated December 4, 2025, (doc. 34 at 1), rendering it presumptively timely under the prison mailbox rule, *see Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam) (explaining that "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for filing" (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009))); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam) ("Absent evidence to the contrary," courts "assume that a prisoner delivered a filing to prison authorities on the date that he signed it."). However, due to apparent mail delays, Morgan's response was not docketed until February 5, 2026. The Defendant does not argue that Morgan's response was untimely.

[7] In evaluating the Defendant's motion for summary judgment, the Magistrate Judge considered the evidence Morgan submitted with his earlier response to the Defendant's Special Report. The Defendant has not objected to this portion of the Recommendation, and the Court discerns no clear error therein.

[8] Medical records corroborate that Morgan's NASW was discontinued on August 28, 2022, and that he was "released to ADOC per Ms. Holland." (Doc. 25-5 at 1).

evidence that Morgan was seen by the Defendant on August 29, 2022—after Morgan was released from NASW—and that after he was released from NASW, he was still housed in the Mental Health Residential Unit and monitored by mental health professionals. (Doc. 37 at 12, 25–36).

"[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Requiring "a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (citation omitted). The Court discerns no compelling reason why the Defendant's new arguments and evidence were not first presented to the Magistrate Judge. Much of the new evidence is the Defendant's own progress notes, which would have been in her custody or control. (*See* doc. 37 at 16–36). Additionally, the Defendant has been on notice since 2024 of Morgan's testimony that the Defendant kicked him out of the crisis center on August 28, 2022, and that he attempted suicide on August 30, 2022. (*See* doc. 26 (Morgan's affidavit)). Nonetheless, it was not until the Magistrate Judge recommended the denial of summary judgment on Morgan's deliberate indifference claim that the Defendant decided to present evidence that she continued to treat Morgan between August 28 and August 30.[9] Under these circumstances, the Court in its discretion declines to

[9] This evidence undermines the Defendant's repeated assertions in her motion that August 25, 2022, was the last time she personally observed Morgan. (Doc. 32 at 16, 41, 53, 56).

consider the Defendant's new arguments and evidence which were not first presented to the Magistrate Judge.

In her objections, the Defendant does not argue that the Magistrate Judge erred in his findings or conclusions based on the evidence that was before him, viewed in the light most favorable to Morgan, the nonmoving party. Instead, the Defendant contends that Morgan has not created a triable issue of fact regarding deliberate indifference because after Morgan was released from NASW on August 28, 2022, he remained under the care of mental health professionals in the Mental Health Residential Unit, and that on August 30, 2022, he was placed back on NASW. (Doc. 37 at 12). As explained above, however, this contention rests on arguments and evidence that were not first presented to the Magistrate Judge, and the Court declines to consider these new arguments and evidence. Because the Defendant does not specifically object to the Magistrate Judge's findings or conclusions based on the evidence that was before the Magistrate Judge, the Court reviews the Recommendation only for clear error. Based on the record that was before the Magistrate Judge, the Court discerns no clear error in the conclusion that Morgan's testimony, if believed, is sufficient to permit a reasonable jury to conclude that the Defendant was deliberately indifferent.[10] For these reasons, the Defendant's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

[10] To the extent there is a conflict between Morgan's testimony and the declaration and medical records proffered by the Defendant in the record that was before the Magistrate Judge, this factual conflict "is the stuff of which jury trials are made." *See Sears*, 922 F.3d at 1208 (citing *Feliciano v. City of Miami*, 707 F.3d 1244, 1253 (11th Cir. 2013)).

## IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Defendant's objections (doc. 37) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 36) is ADOPTED;

3. The Defendant's motion for summary judgment (doc. 32) is GRANTED as to Morgan's intentional infliction of emotional distress and discrimination claims, and the motion (doc. 32) is DENIED as to Morgan's deliberate indifference claim;

4. This case will be set for jury selection and trial by separate Order;

5. This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 10th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE